FILED ___ ENTERED
___ LODGED ___ RECEIVED

FEB 11 2000    MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JOSHUA SUPNICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs<br><br>AMAZON COM, INC and ALEXA INTERNET,<br><br>Defendants. | No **C00-0221P**<br><br>**COMPLAINT – CLASS ACTION**<br><br>JURY DEMAND<br><br><br>CV 00-221 #1 |

Plaintiff Joshua Supnick, on personal knowledge as to his own acts and on information and belief based on investigation of counsel as to all other matters, alleges as follows

### NATURE OF THE CASE

1   Defendant Amazon com, Inc ("Amazon") is one of the leading internet companies in the country. Through its wholly-owned subsidiary, defendant Alexa Internet ("Alexa"), Amazon distributes free software known as Alexa that can be downloaded from the web. The purpose of the Alexa software is to enable more efficient navigation or "surfing" of the web  Defendants advertise, "Alexa travels with you as you surf, giving you

COMPLAINT   ORIGINAL   - 1 -

LAW OFFICES OF
CLIFFORD A CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7036
TEL (425) 868-7813 • FAX (425) 868-7870

Related Links and Site Stats for every page you visit." Thus, the software "provides a continuous source of relevant recommendations of where to go next on the Web."

2.  This software plainly has great capability to invade the privacy of its users, so defendants go out of their way to allay potential fears. For example, in the Alexa software advertising, there is a "pledge not to compromise the privacy of our users." Defendants further state: "When using the service, we collect information on Web usage which remains anonymous." In the Alexa advertising, under FAQs ("frequently asked questions"), the following information appears

>Question: **Is Alexa watching everything I do?**
>
>>Alexa does track usage paths. However, this is done anonymously and it isn't associated with anybody's email address. We keep the two separate and have no means for correlating them. Additionally we do not track any individual users ..
>>
>>We do not sell usage paths at this time. If we choose to enter that business in the future, and it is a possibility, we will assuredly not have any information about any individual usage paths and all usage is, as I said before, completely anonymous

Defendants thus attempt to assuage privacy concerns, but their statements are vague, ambiguous, and uninformative about defendants' actual data collection and information-handling practices.

3.  Little do users of Amazon's Alexa software know that the seemingly attractive software is actually a trojan horse. The software has features that enable it to gather considerably more information about the user and the web pages he or she visits than is disclosed in the vague privacy statement. For example, Alexa's well-hidden information-gathering feature permits it to intercept and access users' personal information, including user names, passwords, and other private information that is embedded in the URL of secure sites that are password protected, and transmit that information back to defendants on a frequent basis through an open internet connection. Thus, defendants were able to and did access

COMPLAINT - 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813  •  FAX (425) 868-7870

users' confidential electronic communications and stored electronic information without or beyond the users' consent

4    By this practice, defendants violated users' electronic privacy rights under federal statutes – including at least the Electronic Communications Privacy Act, 18 U S C § 2250 et seq and the Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C § 2701 et seq -- and violated users' common-law rights against trespass to property and invasion of privacy

5    Plaintiff Supnick is an Alexa user who was a victim of defendants' practice by which they obtained access to and intercepted his electronic communications and data without or beyond his knowledge or consent  He brings this case as a national class action, seeking declaratory, injunctive, and monetary relief, including statutory liquidated and punitive damages, to redress defendants' violation of his privacy rights

## JURISDICTION AND VENUE

6.    This Court has subject-matter jurisdiction pursuant to 28 U S C §1331, which confers upon the Court original jurisdiction over all civil actions arising under the laws of the United States, and pursuant to 18 U S C §§ 2520 and 2707  This Court has supplemental jurisdiction over plaintiff's common-law claim under 28 U S C § 1367

7    Venue is proper in this district pursuant to 28 U S C § 1391 because Amazon com, Inc has its principal offices in Seattle and therefore "resides" in this district, and the events or omissions giving rise to plaintiff's claims occurred in this district where plaintiff resides and uses computers to access web sites

8.    This Court has personal jurisdiction over Amazon com, Inc because the company has its principal offices in this district and resides here  The Court has personal jurisdiction over Amazon com's wholly owned subsidiary, Alexa Internet, because Alexa advertises its web-browsing software nationwide, including in this district, and intercepts and accesses users' private electronic information and communications wherever they may be,

COMPLAINT — 3 —

LAW OFFICES OF
CLIFFORD A. CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

including in this district

## PARTIES

9. Plaintiff Joshua Supnick, a Washington resident, is a user of Alexa's web-browsing software.

10. Defendant Amazon com, Inc.'s principal place of business is in Seattle, Washington Amazon.com is fully aware of the capabilities of the Alexa software, has aided and abetted Alexa's wrongful conduct, and has done nothing to stop that wrongful conduct

11. Defendant Alexa Internet is a California corporation Alexa is a wholly owned subsidiary of Amazon.com, Inc.

## GENERAL ALLEGATIONS

12. Amazon's Alexa software is web navigation software that is available for free downloading at www alexa com. Many thousands if not millions of people have downloaded this software and use it when accessing the web The purpose of the software, in essence, is to suggest to web users which site they might like to go to next, based on patterns of usage To do this, the software keeps records of the history of sites visited It accomplishes this by transmitting back to defendants the URL ("uniform resource locator"), or address, of each page visited

13. By collecting sequences or histories of URLs, the software can "suggest" that people who visit one site might often visit another site thereafter For example, people who visit a site for Ford trucks might then tend to visit sites for Chevy and Dodge trucks

14. However, there is no understandable description available to consumers of what information Alexa actually collects. For example, the URL, especially for secure sites and/or password-protected sites, often includes query strings containing the user's name, password, and other confidential information that no rational web user would knowingly give out without consent Through the Alexa software, however, all this information is transmitted back to defendants via the internet without the informed consent of users, thereby breaching

COMPLAINT — 4 —

LAW OFFICES OF
CLIFFORD A. CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

the federal statutory and common-law rights set forth below

15. Both defendants are fully aware of the information that the software collects and they have done nothing to stop the illegal and wrongful practice

16. In stark contrast to what the Alexa software does, another company, Macromedia, Inc, also collects URLs from web users The Macromedia software "snips off" the confidential and private portion of a URL and transmits back to Macromedia only the public portion, thereby avoiding exactly the practice in which defendants here are engaged This indicates that defendants could have designed web navigation software that does not interfere with privacy rights or violate federal statutes protecting electronic communications but defendants chose not to do so

## CLASS ACTION ALLEGATIONS

17 Mr. Supnick brings all claims herein individually and on behalf of a class (the "Class") defined as follows

> All persons nationwide who used the Alexa web browsing software and whose personal confidential information and communications were intercepted and/or accessed by the software
>
> Excluded are defendants' employees, counsel, and their immediate families

18. Joinder of all class members is impracticable because they number at least in the thousands and are geographically dispersed throughout the country.

19 Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class

20 All members of the Class have been adversely affected by the same wrongful acts or refusals to act alleged herein, affecting the Class as a whole Consequently, there are questions of law and/or fact common to the Class that predominate over any questions affecting individual members. Those common questions include but are not limited to the

COMPLAINT - 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

following

  (i)  Did defendants commit or are they responsible for the acts alleged?

  (ii)  Did Alexa's web browsing software access and/or intercept users' private electronic communications or stored data without or beyond users' informed authorization?

  (iii)  Was defendants' conduct wrongful and illegal?

  (iv)  Did defendants' information-handling acts and practices violate the Electronic Communications Privacy Act?

  (v)  Did defendants' information-handling acts and practices violate the Stored Wire and Electronic Communications and Transactional Records Access Act?

  (vi)  Did defendants' information-handling acts and practices constitute a trespass to property?

  (vii)  Did defendants' information-handling acts and practices constitute an actionable invasion of privacy?

  (viii)  Are the members of the Class entitled to declaratory or injunctive relief from or related to defendants' information-handling acts and practices?

  (ix)  Was defendants' misconduct willful and/or intentional?

  (x)  Should statutory, liquidated, and/or punitive damages be assessed against defendants as allowed under federal statute, and if so, what is the appropriate measure?

21. Mr. Supnick's claims are typical of the claims of the Class and do not conflict with the interests of any other members in that all have suffered from the company's same wrongful acts.

22. Mr. Supnick will fairly and adequately protect the interests of the Class. He is committed to the vigorous prosecution of this action, and has retained counsel with extensive experience in class actions and consumer protection and who are qualified to pursue this matter.

COMPLAINT - 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

23   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for defendants.

24   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Certification of this matter as a class action will cause no undue problems of manageability

## CLAIMS FOR RELIEF

25   Pursuant to the facts alleged herein and to be established in the course of discovery, Mr. Supnick and the Class are entitled to relief under at least the following legal theories

### I.

### VIOLATION OF ELECTRONIC COMMUNICATIONS PRIVACY ACT
### (18 U.S.C. § 2510 *et seq.*)

26   Mr. Supnick realleges and incorporates all of the foregoing as if fully set forth herein.

27   Communications by plaintiff and Class members between their computers and any other entity, including a web site or internet service provider ("ISP") over the internet, are "electronic communications" affecting interstate commerce as defined in 18 U S C § 2510

28   Defendants intentionally intercepted and endeavored to intercept the electronic communications of plaintiff and Class members in violation of 18 U.S.C § 2510 *et seq*, by utilizing the Alexa web navigation software to capture and transmit complete URLs accessed by the users, including sensitive or confidential portions of URLs that often are associated with secure or password-protected sites, without the users' knowledge or consent

29   Defendants intentionally intercepted and endeavored to intercept the electronic communications of plaintiff and Class members in violation of 18 U S C § 2510 *et seq* by utilizing the Alexa web navigation software to intercept and co-opt the users' electronic

COMPLAINT   - 7 -

CLIFFORD A CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

1 communication service's internet connections to divert and reroute such communications in
2 order to receive complete URLs accessed by the users, including sensitive or confidential
3 portions of URLs that often are associated with secure or password-protected sites

4    30    Thus, in violation of 18 U S C §2510 *et seq*, defendants intentionally
5 intercepted, used, and/or disclosed plaintiff's and the Class members' electronic
6 communications without such persons' full authorization or consent

7    31    Pursuant to 18 U.S C § 2520, plaintiff and each member of the Class is entitled
8 to equitable and declaratory relief as may be appropriate, statutory damages of the greater of
9 $10,000 or $100 a day for each day of violation, actual and punitive damages, reasonable
10 attorneys' fees and costs, plus any profits made by the defendants as a result of such
11 violations

## II.

## VIOLATION OF THE STORED WIRE AND ELECTRONIC COMMUNICATIONS AND TRANSACTIONAL RECORDS ACCESS ACT

### (18 U.S.C. § 2701 *et seq.*)

16    32    Mr Supnick realleges and incorporates all of the foregoing as if fully set forth
17 herein

18    33    Plaintiff and all members of the Class own or utilize computers and obtain
19 access to the internet through internet service providers ("ISPs") or computer servers

20    34    Servers and ISPs provide users the ability to connect to the internet and to send
21 or receive electronic communications and thus are "electronic communications services" as
22 that term is used in 18 U S C § 2701 *et seq.*

23    35    Because the internet service is provided directly into each user's computer, the
24 computers utilized by plaintiff and each Class member are facilities through which an
25 electronic communication service is provided

26    36    Electronic communications from web sites visited by plaintiff and Class

COMPLAINT    - 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

members are placed in temporary, immediate storage on their computers incidental to the transmission of such electronic communications Thus, plaintiff's and the Class members' computers constitute "electronic storage" as that term is used in 18 U S C § 2701 *et seq*

37. Defendants have intentionally accessed without authorization, or exceeded the authorization permitted, plaintiff's and the Class members' computers in violation of 18 U S C § 2701 *et seq*, by utilizing the Alexa web navigation software to access those computers while the computers are facilities through which an electronic communication service is provided, in order to obtain and access complete URLs accessed by users, including sensitive or confidential portions of URLs that are in computer storage.

38 Defendants have intentionally accessed without authorization, or exceeded the authorization permitted, plaintiff's and the Class members' electronic communication services in violation of 18 U S.C § 2701 *et seq*, by utilizing the Alexa web navigation software to access and co-opt users' electronic communication service's connections with the internet to divert and reroute such electronic communication services in order to obtain complete URLs or addresses of sites visited by users, including the portions of URLs that contain sensitive or confidential information such as user names and passwords

39. Defendants' conduct in accessing plaintiff's and the Class members' computers without authorization, or in exceeding the authorization given, was willful and intentional

40 Thus, in violation of 18 U.S C § 2701, *et seq*, defendants, by and through Alexa's widely disseminated internet navigation software, intentionally accessed without authorization and/or intentionally exceeded the authorization given to access plaintiff's and the Class members' computer systems through which electronic communications systems are provided, and obtained access to their wire and electronic communications while in electronic storage in such computer systems and/or knowingly divulged or used the contents of such communications while in electronic storage

41 Pursuant to 18 U S C § 2707, plaintiff and the Class members are entitled to

COMPLAINT - 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

such preliminary or other equitable or declaratory relief as may be appropriate, at least $1,000 per Class member in statutory damages, actual and punitive damages, costs and reasonable attorney's fees, plus any profits made by the defendants as a result of such violations

## III.
## TRESPASS TO PERSONAL PROPERTY

42   Mr Supnick realleges and incorporates all of the foregoing as if fully set forth herein

43.   Defendants used, interfered with, and intermeddled with plaintiff's and Class members' ownership of their personal property, namely, their computers, computer memory, information therein, and electronic communications, without or exceeding plaintiff's and Class members' informed authorization

44   Plaintiff and the Class members are entitled to all appropriate relief

## IV.
## INVASION OF PRIVACY

45   Mr Supnick realleges and incorporates all of the foregoing as if fully set forth herein

46   Defendants, on a widespread commercial basis, have knowingly, recklessly, or negligently misappropriated, exploited, or disclosed private and sensitive information concerning the personal affairs of plaintiff and the Class members for defendants' own benefit, without the knowledge or informed consent of plaintiff and the Class members   Such conduct constitutes a highly offensive and dangerous invasion of plaintiff's and the Class members' privacy

47.   Plaintiff and the Class members are entitled to all appropriate relief

## V.
## DECLARATORY JUDGMENT

48   Mr Supnick realleges and incorporates all of the foregoing as if fully set forth

COMPLAINT - 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

herein.

49   Plaintiff and the Class members are entitled to a declaratory judgment that, by the acts alleged herein, defendants violated the Electronic Communications Privacy Act, 18 U.S C § 2510 *et seq*, the Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C. §2701 *et seq.*, and/or plaintiff's and Class members' common law rights against trespass to property and invasion of privacy

### PRAYER FOR RELIEF

WHEREFORE, Mr Supnick requests that this Court enter judgment in his and the Class members' favor as follows

A. Certifying this case as a class action;

B   Declaring the challenged acts and practices to be illegal,

C   Enjoining and restraining defendants from any further similar illegal acts or practices;

D.   Requiring defendants to take affirmative steps as necessary to ensure that the effects of its unlawful information-handling practices are eliminated and that defendants specifically notify all Class members of those practices and defendants' required remediation,

E   Awarding plaintiff and the Class members any and all amounts owing to them under the federal statutes that defendants violated,

F   Awarding plaintiff and the Class members actual and/or nominal damages for violations of their common-law rights to be free from trespass to property,

G   Awarding plaintiff and the Class members damages for violations of their common-law rights to be free from invasion of privacy;

H.   Awarding punitive damages against defendants, as allowed by federal statute,

I   Awarding plaintiff and the Class members the expenses of this litigation, including the fees and costs of experts and reasonable attorneys' fees,

J   Granting other legal and/or equitable relief that the Court deems appropriate

COMPLAINT                                          - 11 -

LAW OFFICES OF
CLIFFORD A CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813 • FAX (425) 868-7870

## JURY DEMAND

Mr Supnick hereby demands a trial by jury of all issues so triable

RESPECTFULLY SUBMITTED this 11th day of February, 2000.

LAW OFFICES OF CLIFFORD A CANTOR

By: *Cliff Cantor*
Clifford A Cantor, WSBA # 17893
627 - 208th Ave. SE
Redmond, WA 98053-7033
Tel: (425) 868-7813
Fax. (425) 868-7870

Seth R. Lesser
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Tel. (212) 554-1400
Fax (212) 554-1444

Ann D. White
LIEBENBERG & WHITE
The Pavilion, Suite 810
261 Old York Road
Jenkintown, PA 19046
Tel: (215) 481-0272
Fax: (215) 481-0271

Attorneys for Plaintiff

COMPLAINT   - 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR
WSBA # 17893
627 208TH AVENUE SE
REDMOND, WASHINGTON 98053-7033
TEL (425) 868-7813  •  FAX (425) 868-7870